IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. CR-22-00209-JD-002 |
| | ) |
| JAMES "JIMMY" DYER, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court are Defendant James "Jimmy" Dyer's Motion to Reduce, Modify, and/or Correct the Order of Restitution ("Motion") [Doc. No. 325] and the response in opposition by the United States of America ("Response") [Doc. No. 326].[1]

Jimmy Dyer seeks to modify a restitution order included in his criminal judgment to reflect "complete and full satisfaction" of restitution based on a confidential settlement agreement[2] entered with the victim, Continental Resources, Inc. ("CLR"). Motion at 1. CLR as victim of Jimmy Dyer's crime is entitled to restitution under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, and the restitution order

---

[1] Jimmy Dyer sought leave to file a reply to the Response, "within twenty-four hours of filing," *see* Motion [Doc. No. 328 at 5], which the Court granted, *see* Order [Doc. No. 330]. However, no reply was timely filed.

[2] The Court has not been provided a copy of the confidential settlement agreement between CLR and Jimmy Dyer. According to the government, CLR and Jimmy Dyer entered their confidential settlement agreement on March 8, 2024, before the Court's criminal judgment on May 31, 2024. *See* Response at 2. The government states it has received no confirmation from CLR that it is in receipt of payment in full. *See id.* at 2, 6.

requires payment to CLR in the amount of $2,316,185.43.[3] *See* Judgment [Doc. No. 295 at 6–7]; *see also* [Doc. No. 283 at 25–30]. Attached to the Motion is an Amended Dismissal Without Prejudice of James Dyer and His Entities filed in *CLR v. James R. Dyer, Jr., et al.*, Oklahoma County District Court Case No. CJ-2020-1920 on November 12, 2024. [Doc. No. 325-1]. The Amended Dismissal filed by CLR's counsel in the state civil case states that Jimmy Dyer "has satisfied in full his agreed portion of the restitution ordered" in the criminal case. [Doc. No. 325-1 at 2].[4]

Based on the briefing before it, the Court does not see that it has authority to grant the Motion. "A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). The Court cannot modify the restitution order under the circumstances presented. *See United States v. Bedonie*, 413 F.3d 1126, 1129 (10th Cir. 2005) (explaining that the district court erred by reopening the restitution order after the sentencing to modify the award). Moreover, based on the record before this Court, 18 U.S.C. § 3664(j)(2) and (k) do not provide this Court the ability to

---

[3] The Court ordered restitution to be paid joint and several by Defendants Blaine Dyer and Jimmy Dyer in the amount of $2,316,185.43. *See* [Doc. No. 283 at 30]; *see also* [Doc. No. 295 at 6–7].

[4] Although he attached the Amended Dismissal to his Motion, Jimmy Dyer separately requests, "out of an abundance of caution," that the Court take judicial notice of it. [Doc. No. 329 at 9]. This request is unnecessary, as the Amended Dismissal is already attached to the Motion. Moreover, Defendant has cited no authority—and the Court is not aware of any—for the proposition that a state court filing can settle a restitution judgment in a federal criminal case. Thus, the Court denies the request to take judicial notice [Doc. No. 329].

2

grant the Motion. The record does not establish that either of these provisions is met. There is no documentation of the settlement agreement before the Court, and there is no filing or submission by the victim to the Court or the government that restitution has been paid in a manner that would trigger either of these provisions. *See, e.g.*, *United States v. Joseph*, 743 F.3d 1350, 1356 n.4 (11th Cir. 2014) (explaining that where there was no evidence of record that the victim had recouped its losses it was unnecessary to decide whether a defendant would be entitled to a credit against his restitution obligation under § 3664(j)(2)). Additionally, the state court civil case dismissal does not have the authority to settle a federal criminal case, nor does that filing independently satisfy either (j)(2) or (k).[5] *Cf. United States v. Masek*, 588 F.3d 1283, 1290 (10th Cir. 2009) (quoting *United States v. Gallant*, 537 F.3d 1202, 1250 (10th Cir. 2008) ("'The MVRA requires the sentencing court to provide restitution to victims . . . . A private settlement cannot abrogate that language.'")).

---

[5] That filing indicates there was a settlement on March 8, 2024. *See* [Doc. No. 325-1 at 2]. Sentencing and criminal restitution were imposed in a judgment on May 31, 2024. *See* [Doc. No. 295]. Section 3664(j)(2) states that "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount *later recovered* as compensatory damages for the same loss by the victim . . . ." (emphasis added). The state court dismissal does not reflect amounts paid to the victim, nor does it reflect that it was an amount later recovered as compensatory damages for the same loss by the victim. Instead, the date of settlement arguably suggests that the amount was recovered before the criminal judgment was entered. Further, § 3664(k) provides that the Court may accept notification of a material change in the defendant's economic circumstances, and that the Attorney General shall certify to the Court that the victim has been notified of the change in circumstances. This sequence of events allows the Court to adjust the payment schedule, in the interest of justice. Nothing in the record indicates (k) is triggered.

For these reasons, the Court DENIES Defendant James "Jimmy" Dyer's Motion to Reduce, Modify, and/or Correct the Order of Restitution [Doc. No. 325].

IT IS SO ORDERED this 15th day of January 2025.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE